# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

WASEEM DAKER,

    Petitioner,

v.

WARDEN MARTY ALLEN,

    Respondent.

CIVIL ACTION NO.: 6:17-cv-23

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Waseem Daker ("Daker"), who is currently incarcerated at Georgia State Prison in Reidsville, Georgia, filed a pleading, which is ostensibly a Petition for Writ of Habeas Corpus and has been filed pursuant to 28 U.S.C. § 2254. (Doc. 1.) Daker also filed a Motion for Leave to Proceed *in Forma Pauperis* and six other emergency Motions. (Docs. 2, 4–9.) For the reasons set forth below, the Court **DENIES** Daker's Motion for Leave to Proceed *in Forma Pauperis*. Additionally, I **RECOMMEND** that the Court **DISMISS** Daker's Petition for Writ of Habeas Corpus, **DISMISS AS MOOT** all other pending Motions, **DENY** Daker a certificate of appealability, and **DENY** Daker leave to appeal *in forma pauperis*.

## BACKGROUND

Daker filed this pleading on February 3, 2017, on a form Section 2254 petition. (Doc. 1.) However, throughout the form, Daker states, "This petition does not attack my conviction, but my solitary confinement/segregation." (Id. at pp. 1–2, 4–7.) He then attaches approximately forty (40) pages containing allegations of various constitutional and statutory violations for

which Defendant is allegedly responsible. (Id. at pp. 8–48.) The requisite review of Daker's Petition raises several doctrines of law which require dismissal of his Petition.

**DISCUSSION**

**I.     Whether Daker Sets Forth Habeas Corpus Relief**

Daker brings this action under 28 U.S.C. § 2254. When a state prisoner challenges the "'fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.'" Harden v. Pataki, 320 F.3d 1289, 1294 n.6 (11th Cir. 2003) (quoting Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)). An "[a]pplication for a writ of habeas corpus shall . . . allege the facts concerning the applicant's commitment or detention, the name of the person who has custody over him and by virtue of what claim or authority, if known." 28 U.S.C. § 2242. Additionally, a court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Furthermore, pursuant to Rule 4 of the Rules Governing Section 2254 petitions:

> The clerk must promptly forward the petition to a judge . . ., and the judge must promptly examine [the petition]. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Rules Governing Section 2254 Cases, R. 4.

Here, Daker is not attacking his custody through this Section 2254 proceeding; he does not seek immediate or speedier release from imprisonment. He does not allege in his Petition that his actual custody is in violation of the Constitution or laws or treaties of the United States. In fact, Daker clearly states on multiple occasions in his Petition that he is not attacking his

conviction but his placement in segregation and the prison's alleged refusal to allow him to grow a beard. (Doc. 1, pp. 1–2, 4–7, 9.) Thus, relief pursuant to Section 2254 is not applicable or available to Daker. Preiser v. Rodriguez, 411 U.S. 475, 498 (1973) (providing list of cases "establish[ing] that a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life[.]") Consequently, the Court should **DISMISS** this Section 2254 Petition.

## II. Whether Daker Can Proceed Pursant to 42 U.S.C. § 1983

To the extent Daker seeks relief pursuant to 42 U.S.C. § 1983, his attempt also fails. In order to bring this action *in forma pauperis* under Section 1983, Daker must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. § 1915. Specifically, Daker may only proceed without the prepayment of fees after submitting an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee. 28 U.S.C. § 1915(a)(1). Furthermore, even if Daker shows an inability to pay, he may not proceed if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915(g).

As this Court notified Plaintiff in a recent case with similar facts, "Plaintiff has filed at least three previously dismissed cases or appeals which qualify as strikes under Section 1915(g), [therefore] Plaintiff may not proceed *in forma pauperis* . . . unless he can demonstrate that he meets the 'imminent danger of serious physical injury' exception to Section 1915(g)." Daker v. Bryson, et al., No. 6:16-cv-57-JRH-RSB, 2017 WL 242615, at *3 (S.D. Ga. Jan. 19, 2017), *report and recommendation adopted by* No. 6:16-cv-57-JRH-RSB, 2017 WL 1053082 (S.D. Ga. Mar. 20, 2017). This Court found that Daker did not meet the imminent danger exception

because his allegations of imminent danger included events that occurred since at least 2012. Id. at *5. In this Petition, Daker does not set forth any new allegations which would qualify him for the imminent danger exception. In fact, Daker's allegations largely focus on the alleged lack of process with the prison's decision to place him in segregation and not with any threats of imminent danger of serious physical injury.

Thus, the Court should also **DISMISS** Daker's putative Section 1983 claims.

### III.    Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Daker leave to appeal *in forma pauperis* and a Certificate of Appealability ("COA"). Though Daker has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. See Thomas v. Crosby, 371 F.3d 782, 797 (11th Cir. 2004) (Tjoflat, J., specially concurring) ("A district court may *sua sponte* grant or deny a COA at the same time it rules on the merits of a habeas petition or rejects it on procedural grounds. This is arguably the best time for a district judge to decide this matter because the issues are still fresh in [the district court's] mind."); Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal); Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the

factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Daker's action and applying the certificate of appealability standards set forth above, the Court discerns no issues worthy of a certificate of appeal, and therefore, the Court should **DENY** the issuance of a certificate. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should **DENY** Daker *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Daker's Motion for Leave to Proceed *in Forma Pauperis*. Additionally, I **RECOMMEND** that the Court **DISMISS** Daker's Petition for Writ of Habeas Corpus, **DISMISS AS MOOT** all other pending Motions, **DENY** Daker a certificate of appealability, and **DENY** Daker leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Petition must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. The

Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Daker.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 25th day of April, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA