IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 17-11199-A

IN RE:

WASEEM DAKER

Petitioner.

On Petition for Writ of Mandamus to the
United States District Court for the
Southern District of Georgia

**ORDER:**

Waseem Daker, a Georgia prisoner proceeding *pro se*, petitions this Court for a writ of mandamus and moves to proceed *in forma pauperis* ("IFP") in connection with his habeas corpus petition, which is pending in the Southern District of Georgia. He asks this Court to compel the district court to review his habeas petition, to rule on numerous motions that he has filed, and to hold an evidentiary hearing without further delay.

Daker seeks to file this mandamus petition IFP, pursuant to 28 U.S.C. § 1915(a). Section 1915(a) provides that a United States court may authorize the commencement of any proceeding, without prepayment of fees, by a person who submits an affidavit that includes a statement of assets that he possesses, and indicates that he is unable to pay such fees. This Court, however, may dismiss an action at any time if it determines that the allegation of poverty is untrue or the action or appeal is frivolous. 28 U.S.C. § 1915(e)(2). In this case, Daker's indigency affidavit reflects totally monthly income of $516, derived from real estate rental income, and total

monthly expenses of $3,000, for the purpose of servicing his home mortgage and student loan debt. His prisoner account statement reflects no spendable funds in his prisoner account. Assuming, without deciding, that this satisfies § 1915(a)'s poverty requirement, Daker's IFP motion is due to be denied, because his mandamus petition is frivolous.

Mandamus is available "only in drastic situations, when no other adequate means are available to remedy a clear usurpation of power or abuse of discretion." *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1004 (11th Cir. 1997) (quotation omitted). Mandamus may be used to direct a district court to decide a pending case when there has been unreasonable delay in rendering a decision. *See Johnson v. Rogers*, 917 F.2d 1283, 1284 (10th Cir. 1990) (holding that a 14-month delay in ruling on a 28 U.S.C. § 2241 petition for no reason other than docket congestion was impermissible).

Here, mandamus relief is not warranted. Just over one month passed between Daker's filings in the district court on February 3, 2017, and his filing of the instant mandamus petition on March 16, 2017. The district court, therefore, has not unreasonably delayed in ruling on Daker's habeas petition, in holding an evidentiary hearing, or in ruling on Daker's various motions. *See Johnson*, 917 F.2d at 1284. Accordingly, Daker's motion for leave to proceed IFP is hereby **DENIED**, as his mandamus petition is frivolous.

*Franklin Hull*
UNITED STATES CIRCUIT JUDGE

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

April 28, 2017

Waseem Daker
Georgia SP - Inmate Legal Mail
300 1ST AVE S
REIDSVILLE, GA 30453

Appeal Number: 17-11199-A
Case Style: In re: Waseem Daker
District Court Docket No: 6:17-cv-00023-JRH-RSB

Enclosed is the court's order denying your motion for leave to proceed with this matter in forma pauperis. Unless you forward the docketing fee to this office, as required by 28 U.S.C. § subsection 1913 and Fed.R.App.P. 21, within fourteen (14) days from this date, this petition will be dismissed pursuant to 11th Cir. R. 42-1(b).

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Denise E. O'Guin, A
Phone #: (404) 335-6188

PRO-6 Ltr Order Denying IFP Mandamus