IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

*By staylor at 10:28 am, Jun 02, 2017*

| | |
|---|---|
| WASEEM DAKER, | |
| Petitioner, | CIVIL ACTION NO.: 6:17-cv-23 |
| v. | |
| WARDEN MARTY ALLEN, | |
| Respondent. | |

**O R D E R**

Petitioner Waseem Daker ("Daker"), an inmate at Georgia State Prison in Reidsville, Georgia, filed an action pursuant to 28 U.S.C. § 2254 challenging his confinement in administrative segregation. (Doc. 1.) On April 25, 2017, the Court issued a Report and Recommendation to dismiss Daker's Petition for Writ of Habeas Corpus. (Doc. 10.) For the reasons and in the manner set forth below, the Court hereby **VACATES IN PART** the Report and Recommendation and Order issued April 25, 2017, **GRANTS** Daker's Motion for Leave to Proceed *in Forma Pauperis*, (doc. 2), and **DISMISSES AS MOOT** Daker's Motion for Evidentiary Hearing and Motion to Expedite Proceedings, (docs. 8, 9). I **RECOMMEND** the Court **DISMISS AS MOOT** Daker's Emergency Motions. (Docs. 4–7.)

**BACKGROUND**

Daker filed this pleading on February 3, 2017, on a form Section 2254 petition. (Doc. 1.) However, throughout the form, Daker states, "This petition does not attack my conviction, but my solitary confinement/segregation." (Id. at pp. 1–2, 4–7.) He then attaches approximately forty (40) pages containing sixty-four (64) "grounds" as to why he is being unlawfully held in

segregation. On April 25, 2017, the Court recommended dismissing Daker's Petition because he did not set forth appropriate habeas corpus relief. (Doc. 10.) Daker filed Objections on May 9, 2017. (Doc. 13.)

## DISCUSSION

### I.   Whether Daker Sets Forth Habeas Corpus Relief

Daker brings this action under 28 U.S.C. § 2254. A court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. However, the Eleventh Circuit Court of Appeals has also recognized that a petition seeking release from unconstitutionally imposed administrative segregation can be properly treated as a petition for a writ of habeas corpus under Section 2254. See Medberry v. Crosby, 351 F.3d 1049, 1053 (11th Cir. 2003) ("[I]t is proper for a district court to treat a petition for release from administrative segregation as a petition for a writ of habeas corpus.")

Daker indicates in the form portion of his Petition that he is seeking relief from his solitary confinement/segregation. (Doc. 1, pp. 1–7.) However, of the sixty-four "grounds" he attaches, a significant majority allege conditions of confinement claims (e.g., the inability to grow his beard, inability to attend religious events, lack of outdoor exercise, and due process allegations relating to disciplinary report convictions). Only seventeen of his "grounds" even mention segregation,[1] and only half of those are even remotely cognizable Section 2254 claims.[2] As this Court explained in its previous Report and Recommendation, Section 2254 relief is not

---

[1] Grounds 4, 13–16, 25–28, 32, 36–37, and 46–50.

[2] Grounds 32, 36–37, and 46–50.

applicable for conditions of confinement claims.³ (Doc. 10, p. 2); see also Thurston v. Hickey, No. 2:09-CV-046, 2009 WL 4828623, at *2 (S.D. Ga. Dec. 14, 2009) ("[C]laims in which prisoners assert that they are being subjected to unconstitutional punishment not imposed as part of their sentence, such as, for example, placement in a three-man cell, are civil rights actions, not habeas actions.") (citations omitted).

In grounds 4, 13–16, and 25–28, Daker alleges that he was placed in segregation for a variety of disciplinary infractions. However, Daker also indicates that he was able to successfully appeal his placement in segregation for those disciplinary convictions. (Doc. 1, pp. 17–18, 21, 23, 24.) Accordingly, those claims are moot and are also not cognizable Section 2254 claims. See Medberry, 351 F.3d at 1053 ("Where . . . a prisoner has completed an imposed term of administrative segregation before he files his petition . . . the petition is moot when filed and cannot be revived by collateral consequences.") (internal quotations and citations omitted); see also Reynolds v. St. Lawrence, No. 4:15-CV-207, 2015 WL 5037893, at *3 (S.D. Ga. Aug. 25, 2015), *report and recommendation adopted*, 2016 WL 1298977 (S.D. Ga. Mar. 31, 2016) ("The Court has found no case where a habeas challenge to an expired prison disciplinary sanction was found to satisfy the case-or-controversy requirement . . . .") (collecting cases).

However, Daker potentially raises appropriate Section 2254 claims in grounds 32, 36–37, and 46–50. Accordingly, the Court **VACATES** the portion of its previous Report and Recommendation recommending dismissal of Daker's Section 2254 claims for grounds 32, 36–

---

³ Furthermore, for the reasons explained in its previous Report and Recommendation and notwithstanding Daker's Objections, the Court will not recast the other portions of Daker's Petition as a complaint under 42 U.S.C. § 1983. (See Doc. 10, pp. 3–4.)

37, and 46–50. The portion of the Report recommending dismissal of Daker's claims for all 47 other grounds[4] remains the recommendation of the Court.

## II.     Motion to Proceed *in Forma Pauperis* and Service

For the reasons stated in Section I and because it appears that Daker is indigent, the Court **VACATES** its previous Order denying Daker *in forma pauperis status* and now **GRANTS** Daker leave to proceed *in forma pauperis*, subject to objection.[5]

THEREFORE, IT IS HEREBY ORDERED that Respondent answer, in writing, the allegations of the petition by filing a Response with the Clerk of this Court within sixty (60) days after service of this Order. The Response must comply with Rule 5, 28 U.S.C. § 2254. Specifically, the Response shall include the following:

1) Whether Daker has exhausted his state remedies and an explanation of which state remedies are available to Daker;

2) All pleadings and paperwork filed in Daker's underlying disciplinary hearings and hearings related to Daker's administrative segregation;

3) Whether Daker had an evidentiary hearing relating to his administrative segregation and, if so, a statement of what transcripts are available, when they can be furnished, and what proceedings have been recorded but not transcribed;

4) Portions of any transcript that Respondent considers relevant to Daker's claims and Respondent's defenses thereto; and

5) If Daker appealed from an adverse judgment, a copy of the briefs on appeal and of the opinion of the appellate committee, if any.

---

[4] Grounds 1–3, 5–12, 17–24, 29–31, 33–35, 38–45, and 51–64.

[5] While the Court finds Daker indigent for purposes of this case, the Court is also familiar with Daker's history of filings in this and other courts. Specifically, the Court notes that other courts have found Daker to "repeatedly abuse[ ] the judicial process by filing IFP affidavits that conceal and/or misstate his true assets and income." In re Daker, No. 1:11-CV-1711-RWS, 2014 WL 2548135, at *2 (N.D. Ga. June 5, 2014). Daker's allegations of poverty in this case are no different than those made in other cases in which he sought to proceed without prepayment of his filing fee.

Respondent shall ensure that all submitted transcripts are certified. Respondent's brief of law shall be no longer than twenty-five (25) typewritten pages double-spaced on letter-sized (8.5" x 11") paper. Respondent shall refer to specific pages of the transcript in which it is contended that error did or did not occur. In accordance with Rodriguez v. Fla. Dep't of Corr., 748 F.3d 1073 (11th Cir. 2014), Respondent is directed to serve upon Daker a copy of all documents referenced or cited to in his Response.

**If Respondent contends that the Court should dismiss the Petition at this stage, Respondent shall file a Motion to Dismiss the Petition at the time of filing his Response.[6] Otherwise, Respondent shall include in his Response to the Petition a statement explaining why the Petition cannot be adjudicated on a Motion to Dismiss.**

Daker may file his Reply to Respondent's Response within **fourteen (14) days** of service of the Response. If Respondent files a Motion to Dismiss, Daker **must** file a Response to that Motion within **fourteen (14) days** of being served with Respondent's Motion. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if Daker fails to respond to a Motion to Dismiss, the Court will presume that Daker does not oppose Respondent's Motion. The Court will dismiss Daker's case for lack of prosecution and failure to follow the Court's Order if Daker fails to respond to a Motion to Dismiss. Daker's brief of law shall be no longer than twenty-five (25) typewritten pages double-spaced on letter-sized (8.5" x 11") paper. Daker shall refer to specific pages of the hearing transcript in which it is contended that error did or did not occur.

No discovery shall be had by either party without leave of court. Rule 6, 28 U.S.C. § 2254. Unless and until Daker demonstrates to this Court that the administrative proceeding's

---

[6] Respondent need not file a Response and a separate Motion to Dismiss. Rather, Respondent's Response to the Petition may take the form of a Motion to Dismiss with a Supporting Brief and Exhibits.

5

fact-finding procedure was not adequate to afford a full and fair evidentiary hearing or that the administrative proceeding did not afford the opportunity for a full, fair, and adequate hearing, this Court's consideration of Daker's habeas petition will be limited to an examination of the evidence and other matters presented for the administrative proceeding.

After review of Respondent's and Daker's filings, the Court will determine whether to grant the writ, deny the writ, or set the matter down for hearing.

Daker is cautioned that while this action is pending, Daker **shall immediately** inform this Court in writing of any change of address.  Failure to do so will result in dismissal of this case.

### III.     Daker's Motions (Docs. 4–9)

#### A.     Motions for Partial Summary Judgment/Motion for Permanent Injunction (Docs. 4–7) and Motion to Expedite Proceedings (Doc. 9)

Daker filed four Emergency Motions for Partial Summary Judgment and Permanent Injunction; Alternatively, Emergency Motions for Preliminary Injunction or T.R.O.  (Docs. 4–7.) In these Motions, Daker seeks immediate release from Tier II segregation, a release to general population, and to dismiss and expunge various disciplinary reports.  The relief Daker seeks in these Emergency Motions is identical to the relief he seeks with his habeas petition and cannot be achieved with an injunction.  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, his sole federal remedy is a writ of habeas corpus."); Gilreath v. State Bd. of Pardons & Paroles, 273 F.3d 932, 933 (11th Cir. 2001) ("We look at the kind of relief Appellant seeks and conclude that, however Appellant describes it, the motion [for preliminary injunction to stay execution] was for habeas corpus relief.").  Furthermore, as Daker's Petition has not even been served on Respondent, his Emergency Motions (and corresponding Motions for Partial Summary Judgment) are premature.

Accordingly, I **RECOMMEND** that the Court **DISMISS AS MOOT** Daker's Emergency Motions, (docs. 4–7).[7]

### B. Motion for Evidentiary Hearing (Doc. 8)

Daker also filed a Motion for Evidentiary Hearing. However, he provides no reasons supporting such a request, much less those required by 28 U.S.C. § 2254(e)(2). Furthermore, as Daker's Petition has not yet been served on Respondent, a Motion for Evidentiary Hearing is premature at this time. 28 U.S.C § 2243 ("When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed."). Accordingly, the Court **DISMISSES AS MOOT** Daker's Motion for Evidentiary Hearing.

## CONCLUSION

For the reasons stated above, the Court hereby **VACATES IN PART** the Report and Recommendation and Order issued April 25, 2017, **GRANTS** Daker's Motion for Leave to Proceed *in Forma Pauperis*, (doc. 2), and **DISMISSES AS MOOT** Daker's Motion for Evidentiary Hearing and Motion to Expedite Proceedings, (docs. 8, 9). I **RECOMMEND** the Court **DISMISS AS MOOT** Daker's Emergency Motions. (Docs. 4–7.)

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Petition must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28

---

[7] A Motion to Expedite Proceedings, (doc. 9), is not an appropriate Motion to file before this Court in this action. Instead, Daker must seek a writ of mandamus, which he sought and the Eleventh Circuit subsequently denied, (doc. 12). Accordingly, the Court **DISMISSES AS MOOT** Daker's Motion to Expedite Proceedings, (doc. 9).

U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.

The Court **DIRECTS** the Clerk of Court serve a copy of this Order upon Daker.  Additionally, a copy of the Petition and a copy of this Order shall be served upon Respondent by certified mail, return receipt requested.  The Court further **DIRECTS** the Clerk to serve the Office of the Attorney General of the State of Georgia with proper notice of the present case and this Order.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 2nd day of June, 2017.

*[Signature]*

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA