IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WASEEM DAKER,             *
                          *
    Petitioner,           *
                          *
        v.                *       CV 617-023
                          *
WARDEN MARTY ALLEN,       *
                          *
    Respondent.           *

**O R D E R**

Before the Court is Petitioner's *pro se* Motion to Recuse. (Doc. 95.) Therein, Petitioner requests that both the undersigned and United States Magistrate Judge R. Stan Baker recuse themselves "from this case and any further cases involving" Petitioner.[1] (Id. at 1.) Petitioner asserts that recusal is required of the undersigned and Magistrate Judge Baker pursuant to 28 U.S.C. § 455(a) because "this Court's history of orders shows a pattern by both Judge Hall and Magistrate Baker of treating [Petitioner] disparately and discriminatorily as compared to other cases, and saying anything

---

[1] Notably, Petitioner has filed identical motions for recusal in two other matters he has brought in this Court, namely: (i) Daker v. Allen, et al., Case No. 6:17-cv-79 (S.D. Ga. dismissed Dec. 6, 2017) (the "Allen II Case"); and (ii) Daker v. Dozier, et al., Case No. 6:17-cv-110 (S.D. Ga. dismissed Jan. 29, 2018) (the "Dozier Case"). (See Allen II Case, Doc. 52; Dozier Case, Doc. 18.) Short histories of the factual background and proceedings of the Allen II Case and Dozier Case are available in the Orders entered in those respective matters. (See, e.g., Allen II Case, Docs. 17, 21, 22, 30, 42; Dozier Case, Docs. 4, 14.)

it can to rubberstamp-dismiss any and every case he files."[2] (Id. at 4.)  A short history of this case's factual background and proceedings is available in the Court's Order dated March 5, 2018 and prior Orders entered herein.  (See Doc. 94; see also Docs. 10, 15, 52, 93.)

Recusal is governed by 28 U.S.C. §§ 144 and 455. Jones v. Commonwealth Land Title Ins. Co., 459 F. App'x 808, 810 (11th Cir. 2012).  Under Section 144, a judge must recuse himself when a party to a district court proceeding "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144.  "To warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists." Christo v. Padgett, 223 F.3d 1324, 1333 (11th Cir. 2000); see also Jones, 459 F. App'x at 811 ("The facts alleged in the affidavit must show that the bias was personal, not judicial in nature." (citing United States v. Archbold-Newball, 554 F.2d

---

[2] (See also Doc. 95, at 4 ("Magistrate Smith [sic] has displayed a deep-seated favoritism or antagonism that would make fair judgment impossible. Judge Story [sic] has ruled against [Petitioner] on numerous issues and requests for relief that, taken together, demonstrate a pattern of judicial conduct of such pervasiveness that an outside observer could fairly question the district court's impartiality." (internal quotations, citations, and alterations omitted)); id. at 9 ("[W]hatever Plaintiff [sic] requests, then Magistrate Baker and Judge Hall do the opposite out of spite."); id. at 17 ("In Judge Hall's biased and prejudiced eyes, Plaintiff [sic] can do no right, and Judge Hall will find a pretext to dismiss anyways."); id. at 22 ("Magistrate Baker and Judge Hall have acted as a surrogate prosecutor." (internal quotations and citations omitted)).)

2

665, 682 (5th Cir. 1977))). Section 455(a) requires recusal where "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." Parker v. Connors Steel Co., 855 F.2d 1510, 1524 (11th Cir. 1988). Any doubts must be resolved in favor of recusal. United States v. Kelly, 888 F.2d 732, 744 (11th Cir. 1989). Generally, judicial rulings "cannot serve as the basis for recusal or cast doubts on impartiality unless [the moving party] establishes pervasive bias and prejudice."[3] Jones, 459 F. App'x at 811 (citing Archbold-Newball, 554 F.2d at 682).

---

[3] See also Liteky v. United States, 510 U.S. 540, 555-56 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They may do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. An example of the latter (and perhaps of the former as well) is the statement that was alleged to have been made by the District Judge in Berger v. United States, 255 U.S. 22, 28 (1921), a World War I espionage case against German-American defendants: 'One must have a very judicial mind, indeed, not to be prejudiced against the German Americans' because their 'hearts are reeking with disloyalty.' Not establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration — even a stern and short-tempered judge's ordinary efforts at courtroom administration — remain immune." (internal citations and alterations omitted)).

"Neither a trial judge's comments on lack of evidence, rulings adverse to a party, nor friction between the court and counsel constitute pervasive bias." Hamm v. Members of Bd. of Regents of State of Fla., 708 F.2d 647, 651 (11th Cir. 1983) (citations omitted).

Here, Petitioner's Motion to Recuse is rife with feeble conclusions of impropriety as well as numerous misstatements and over-simplifications of the relevant cases' proceedings and the Court's Orders and reasoning in relation thereto. More importantly, however, Petitioner's allegations stem solely from his disagreements with the rulings of Magistrate Judge Baker and myself and the unsound assumptions Petitioner has drawn therefrom. (See Doc. 95, at 6-22 (identifying seven purported instances of alleged bias/prejudice, including disparate docket management, incorrect application of legal precedent, "flipflopping" instructions, and *sua sponte* resolution of various issues (*i.e.*, acting as a "surrogate prosecutor")).) These are reasons for appeal, not recusal. See Liteky v. United States, 510 U.S. 540, 555-56 (1994). Moreover, Petitioner's motion fails to: (i) establish pervasive judicial bias or prejudice against Petitioner; (ii) demonstrate deep-seated or unequivocal antagonism rendering fair judgment impossible; or (iii) otherwise raise an objective doubt about the assigned

judges' impartiality. Accordingly, recusal by the assigned judges is not warranted.

Based on the foregoing and upon due consideration, **IT IS HEREBY ORDERED** that Petitioner's Motion to Recuse (doc. 95) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia this 12th day of March, 2018.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA