IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WASEEM DAKER,

    Petitioner,

v.

MARY ALLEN, Warden

    Respondent.

CIVIL ACTION NO.: 6:17-cv-90

## ORDER

Presently before the Court is Petitioner Waseem Daker's ("Daker") Objection, (doc. 10), to the Magistrate Judge's Report and Recommendation dated March 3, 2018, (doc. 9). The Honorable R. Stan Baker recommended the Court consolidate Daker's habeas Petition with another of his pending habeas petitions: Daker v. Allen, Civil Action No. 6:17-cv-23 [hereinafter Daker I]. Judge Baker also dismissed Daker's Motion to Proceed *in Forma Pauperis*, (doc. 2), dismissed as moot Daker's Motion to Expedite Proceedings, (doc. 4), and denied Daker's Motion for Law Library Access, (doc. 5), Motion for Subpoena and Preservation of Evidence, (doc. 6), and Motion to Appoint Counsel, (doc. 7). Daker objects to Judge Baker's Order and Report and Recommendation in its entirety. (Doc. 10, p. 3.)

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation. Accordingly, for the reasons set forth below, the Court **OVERRULES** Daker's Objections, (doc. 10), and **ADOPTS** the Magistrate Judge's Report and Recommendation, (doc. 4), as the opinion of the Court. The Court hereby **CONSOLIDATES** Daker's Petition and filings in the above-captioned case with Daker I. The

Court **DIRECTS** the Clerk of Court to file all pleadings docketed in Case No. 6:17-cv-90, including this Order, upon the docket and record of Case No. 6:17-cv-23; **CONSOLIDATE** Case No. 6:17-cv-90 with Case No. 6:17-cv-23; and **CLOSE** Case No. 6:17-cv-90.

## BACKGROUND

On July 3, 2017, Daker filed this Petition for a Writ of Habeas Corpus alleging that he was unlawfully placed in Tier II administrative segregation. (Doc. 1.) Daker seeks release from administrative segregation. (Doc. 1, pp. 1, 2, 4.) Daker contends his placement in Tier II segregation violates the First Amendment, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1 *et seq.*, substantive due process, and procedural due process. (Id. at pp. 5–9.)

Prior to this case, Daker filed a habeas corpus action on February 3, 2017. In that earlier petition, Daker set forth legally identical and factually similar claims related to his placement in Tier II administrative segregation. See Daker v. Allen, 6:17-cv-23 (S.D. Ga. Feb. 3, 2017), ECF No. 1 (alleging his placement in administrative segregation violated substantive due process, procedural due process, the First Amendment, and RLUIPA). Like his claim here, Daker complains he was unlawfully found guilty of certain disciplinary reports concerning his beard and insubordination, among other transgressions, and was committed to segregation without due process. Id. The Court's review of respondent's answer and Daker's petition in that pending case shows Daker's application for habeas release emanates from a single, uninterrupted stay in Tier II segregation that is continuous to his Petition presently before the Court. Id. at pp. 5–9; ECF No. 30-1, pp. 57–58.

## DISCUSSION

Daker filed Objections to the Magistrate Judge's recommendation that the Court consolidate the present habeas Petition with his petition in Civil Action Number 6:17-cv-23. (Doc. 10, pp. 3–4.) Daker also objects to the Magistrate Judge's order dismissing and denying his several motions. (Id. at pp. 4–17.) The Court addresses each of these Objections in turn.

### I.    Daker's Objection to Consolidation

Daker objects to the Court's consolidation of his habeas petitions because it will delay resolution of Daker I, as Respondent has already filed an answer and Daker two summary judgment motions. (Doc. 10, p. 3.) Daker also contends consolidation is "unnecessary" because each petition challenges a different segregation decision. (Id.) Additionally, Daker includes a list of five habeas petitions that he has filed since February 2017, each challenging the same period of Tier II segregation as well as the disciplinary reports and decisions which occasioned his placement in segregation. (Id. at pp. 1–2.) Daker notes these habeas petitions challenge Respondent's "ongoing policy and custom" of placing him in segregation. (Id.)

The Court's inherent discretion to consolidate cases is a matter of black letter law. As the Court of Appeals for the Eleventh Circuit has held, consolidation under Federal Rule of Civil Procedure 42(a) is "permissive" and "a purely discretionary power" of the Court. Young v. City of Augusta, 59 F.3d 1160, 1168 (11th Cir. 1995) (internal quotes omitted). Courts may exercise their discretion to consolidate cases so long as they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). When deciding to consolidate, the Court must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions; the burden on the parties and the Court posed by multiple lawsuits as opposed to one; the length of time required to conclude multiple lawsuits as opposed to one; and

the relative expense of proceeding with separate lawsuits if they are not consolidated. Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985).

In light of the common questions of law and fact between Daker's petitions, as described in detail by the Magistrate Judge, Daker's present Petition warrants consolidation with Daker I. The petitions at hand involve similar facts and the same Respondent, and Daker advances identical legal claims in both petitions. Furthermore, Daker seeks release from a single, uninterrupted stay in Tier II administrative segregation. Daker himself admits he is challenging an allegedly unlawful "ongoing policy and custom" of Respondent.

By filing separate habeas petitions regarding his uninterrupted stay in Tier II segregation, Daker seeks to have multiple and successive bites at the same apple. Although the facts may slightly differ from one disciplinary report to another, they are altogether factually similar, and their lawfulness to support his segregated confinement turns on the same legal standards. Daker may be correct that consolidation could delay a decision in Daker I, but more importantly, it will expedite an ultimate decision on the lawfulness of his placement in segregation and usher a more efficient resolution of his several, nearly identical habeas petitions. Furthermore, consolidation is necessary to advance judicial economy and to avoid the difficulties of piecemeal litigation wrought by Daker's successive habeas filings.[1] Consolidation here will bring consistency rather than confusion, and the minor prejudice caused by a possible slight delay to Daker I pales in comparison to the burden on the Court and Respondent which would occur without consolidation. Therefore, the Court concurs with the recommendation of the Magistrate Judge to consolidate Daker's petitions. The Court **OVERRULES** Daker's Objections, (doc. 10), and

---

[1] For example, should the Court to find that Daker is entitled to relief as to one disciplinary report, before ordering that Daker be released from disciplinary segregation, the Court may have to first inquire whether Daker must remain in disciplinary segregation due to a separate disciplinary report. Thus, consolidation is necessary to truly afford any meaningful relief in this case.

**ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court. Nevertheless, the Court still addresses Plaintiff's remaining objections.

**II.     Daker's Objections to the Magistrate Judge's Order**

Through his remaining Objections, Daker questions the Magistrate Judge's Order rather than his Report and Recommendation, and thus, the Court construes these remaining Objections as a Rule 72(a) objection or appeal of the March 3, 2018 Order.[2] (Doc. 9, pp. 4–6.) Under Federal Rule of Civil Procedure 72(a), "[a] party may serve and file objections to [a magistrate judge's] order within 14 days after being served with a copy. . . . The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A) (reciting same "clearly erroneous or contrary to law" standard).

District courts apply the clearly erroneous standard to findings of fact by the magistrate judge and the contrary to law standard to legal conclusions. Both standards are "exceedingly deferential." Pate v. Winn-Dixie Stores, Inc., No. CV 216-166, 2014 WL 5460629, at *1 (S.D. Ga. Oct. 27, 2014) (citations omitted). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal., 508 U.S. 602, 622 (1993) (citing United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)). A finding is contrary to law "where it either fails to

---

[2] "Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." Retic v. United States, 215 F. App'x 962, 964 (11th Cir. 2007) (quoting Castro v. United States, 540 U.S. 375, 381 (2003)). Federal courts "may do so in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." Id. (quoting Castro, 540 U.S. at 381–82).

follow or misapplies the applicable law." Jackson v. Deen, No. CV412-139, 2013 WL 3991793, at *2 (S.D. Ga. Aug. 2, 2013) (citations omitted).

The Court discerns no reason to modify or set aside any part of the Magistrate Judge's Order. Given that the Magistrate Judge appropriately recommended consolidation, he was also correct to dismiss as moot Daker's Motions to Proceed *in Forma Pauperis* and to Expedite, (docs. 2, 4). Furthermore, Daker cites to no controlling or persuasive law which establishes that this Court has unreasonably delayed in adjudicating Daker's several habeas petitions. Daker incorrectly contends that this Court unreasonably delayed its initial screening because, rather obviously, the initial screening has already occurred and resulted in consolidation. Rather than proving the Court engaged in unreasonable delay, Daker's string cite of his many frivolous cases establishes the vexatious and abusive nature of his cases before this Court and fails to prove an unreasonable delay in *this* action, much less a "clearly erroneous" outcome for his Motion to Expedite.

Daker also fails to show that the Magistrate Judge was "clearly erroneous" in his denial of Daker's Motions for Law Library Access, (doc. 5), for Subpoenas and Preservation of Evidence, (doc. 6), and to Appoint Counsel, (doc. 7). (Doc. 10, pp. 8–17.) In denying these Motions, the Magistrate Judge applied the appropriate legal standard.

As to the Motion for Law Library Access, Daker cites to cases showing that Courts have the authority to order access to legal materials in habeas cases, e.g. Davis v. Lafler, 692 F. Supp. 2d 705, 706 (E.D. Mich. 2009), and thus contends the Magistrate Judge improperly construed his request for law library access as a 42 U.S.C. § 1983 claim. (Doc. 10, pp. 8–12.) Daker, however, is mistaken, and those cases are inapplicable to the situation at bar. Daker did not request access to specific unavailable cases like the petitioner in Davis but instead requested this

Court order Respondent provide him access to the prison law library during a lockdown period, which is a broad claim that sounds in Section 1983. (Doc. 5, pp. 3–5, 20–21.) Unlike Davis, Daker has not shown that he lacks access to specific cases relied upon by this Court or Respondent. Moreover, Daker's Objections include numerous citations to case law from this Circuit, our sister Circuits, the State of Georgia, and the Supreme Court of the United States. Thus, it is more than evident that Daker has adequate access to legal materials at this time and that the Magistrate Judge was correct to deny his Motion.

As to the Motion for Subpoenas and Preservation of Evidence, Daker fails to establish that the Magistrate Judge's decision to deny this Motion was "clearly erroneous." In fact, the only case Daker cites in support of his contention of error has nothing to do with the legal basis of his Motion and instead concerns judicial misconduct during actual trial proceedings. See Lyell v. Renico, 470 F.3d 1177 (6th Cir. 2006) (improper jury polling and unfair behavior at trial). Although Daker speculates Respondent will "destroy evidence," he offers no proof and fails to show that the Magistrate Judge's denial of subpoenas and preservation of evidence was clearly contrary to any law. Moreover, Rule 6 of the Rules Governing Section 2254 Petitions requires parties to show good cause and obtain leave of court to conduct discovery in habeas proceedings. At this preliminary stage of the proceedings, Daker's speculation as to Respondent's spoliation does not suffice for good cause.

Finally, as to the Motion to Appoint Counsel, Daker again fails to show that the Magistrate Judge's denial was "clearly erroneous." As Daker notes, appointment of counsel in civil cases such as this is only warranted in "exceptional circumstances." Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). Further, Section 3006A(a)(2) of Title 18 of the United States Code provides that "[w]henever . . . the court determines that the interests of justice so require,

representation may be provided for any financially eligible person who . . . (B) is seeking relief under section 2241, 2254, or 2255 of title 28." Thus, the court may appoint counsel for an indigent federal habeas corpus petitioner only if the interests of justice or due process so require. Hooks v. Wainwright, 775 F.2d 1433 (11th Cir. 1985). Daker fails to show, or even explicitly argue, that the interests of justice or due process require appointment of counsel. (Doc. 10, pp. 13–17.) Moreover, the Magistrate Judge properly considered those interests when he denied Daker's Motion, finding that an evidentiary hearing would be unlikely and that Daker has a proficient ability to present his arguments to the Court. Daker's Objections, which are both well-supported and presented, only bolster the Magistrate Judge's conclusion.

Accordingly, the Court sees no error in the analysis of Daker's Motions, much less clear error, and does not find the Magistrate Judge's ruling to be contrary to law. As such, the Court **DENIES** Daker's Rule 72(a) Objections.

## CONCLUSION

For the aforementioned reasons, the Court **OVERRULES** Daker's Objections, (doc. 10), and **ADOPTS** the Magistrate Judge's Report and Recommendation, (doc. 4), as the opinion of the Court. The Court hereby **CONSOLIDATES** Daker's Petition and filings in the above-captioned case with Daker I.

**SO ORDERED**, this 30th day of March, 2018.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA