# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

WASEEM DAKER,

    Petitioner,

v.

MARTY ALLEN, Warden,

    Respondent.

CIVIL ACTION NO.: 6:17-cv-90

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Waseem Daker ("Daker"), an inmate at Georgia State Prison in Reidsville, Georgia, filed an action pursuant to 28 U.S.C. § 2254 challenging his confinement in administrative segregation. (Doc. 1.) Daker has an additional habeas corpus petition pending before this Court: Civil Action No. 6:17-cv-23. For the reasons and in the manner set forth below, I **RECOMMEND** that the Court **CONSOLIDATE** Daker's Petitions. Further, the Court **DISMISSES** Daker's Motion for Leave to Proceed *in Forma Pauperis*, (doc. 2), **DISMISSES as moot** Daker's Motion to Expedite Proceedings, (doc. 4), and **DENIES** Daker's Motion for Law Library Access, (doc. 5), Motion for Subpoena and Preservation of Evidence, (doc. 6), and Motion to Appoint Counsel, (doc. 7).

## BACKGROUND

On July 3, 2017, Daker filed this Petition for a Writ of Habeas Corpus alleging that he was unlawfully placed in Tier II administrative segregation. (Doc. 1.) Daker seeks release from administrative segregation. (Doc. 1, pp. 1, 2, 4.) Daker contends his placement in Tier II segregation violates the First Amendment, the Religious Land Use and Institutionalized Persons

Act ("RLUIPA"), 42 U.S.C. § 2000cc-1 *et seq.*, substantive due process, and procedural due process. (Id. at pp. 5–9.)

Specifically, Daker argues the disciplinary reports on which his Tier II status was premised violate the First Amendment and RLUIPA because they concern his refusal to comply with the prison's policy limiting beard length, and he contends this policy violates the law, as it infringes his religious beliefs as a Muslim. (Id. at pp. 5, 6.) Daker also argues this policy violates his substantive due process right to bodily privacy through forced shaving. (Id. at p. 5.) Further, Daker argues he was denied a fair and impartial hearing and an adequate opportunity to be heard when he was found guilty of these disciplinary reports. (Id. at pp. 5, 8.) Finally, Daker argues his retention in Tier II segregation on June 26, 2017, violated his right to procedural due process because it was done without notice and an opportunity to be heard and was otherwise premised on unlawful disciplinary reports. (Id. at pp. 8–9.)

Prior to this case, Daker filed a presently pending habeas corpus action on February 3, 2017. In that earlier Petition, Daker set forth legally identical and factually similar claims related to his placement in Tier II administrative segregation. See Daker v. Allen, 6:17-cv-23 (S.D. Ga. Feb. 3, 2017), ECF No. 1 (alleging his placement in administrative segregation violated substantive due process, procedural due process, the First Amendment, and RLUIPA). Like his claim here, Daker complains he was unlawfully found guilty of certain disciplinary reports concerning his beard and insubordination, among other transgressions, and was committed to segregation without due process. Id. A review of Respondent's Answer and Daker's Petition in that case shows Daker's application for habeas release emanates from a single uninterrupted stay in Tier II segregation that is continuous to his Petition presently before the Court. Id. at pp. 5–9; ECF No. 30-1, pp. 57–58.

**DISCUSSION**

**I.  Consolidation of Daker's Habeas Cases**

A district court has authority to consolidate multiple actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Consolidation under Rule 42(a) "is permissive and vests a purely discretionary power in the district court." Young v. City of Augusta, 59 F.3d 1160, 1168 (11th Cir. 1995) (internal quotes omitted). "District courts in this circuit have been urged to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion." Young, 59 F.3d at 1169 (internal quotes omitted). The decision of whether to consolidate "is entirely within the discretion of the district court as it seeks to promote the administration of justice." Gentry v. Smith, 487 F.2d 571, 581 (5th Cir. 1973);[1] see also Devlin v. Transp. Communs. Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999) (courts can *sua sponte* consolidate cases under Rule 42(a)).

In exercising that discretion, district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions; the burden on the parties and the Court posed by multiple lawsuits as opposed to one; the length of time required to conclude multiple lawsuits as opposed to one; and the relative expense of proceeding with separate lawsuits if they are not consolidated. Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985).

In the Petitions at hand, both actions involve similar facts, the same Respondent, and plead identical legal claims. At their core, Daker's Petitions seek his release from administrative segregation for the same reasons—allegedly unlawful disciplinary reports and segregated confinements. Moreover, Daker seeks release from the same, uninterrupted stay in Tier II

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

administrative segregation. Given this congruence, and in light of Daker's well-documented litigiousness, the benefits of consolidation far outweigh any prejudice to the parties.

Accordingly, the Court should **CONSOLIDATE** Daker's habeas Petitions and **DIRECT** the Clerk of Court to file all pleadings docketed in Case No. 6:17-cv-90 upon the docket and record of Case No. 6:17-cv-23; **CONSOLIDATE** Case No. 6:17-cv-90 with Case No. 6:17-cv-23; and **CLOSE** Case No. 6:17-cv-90. For this reason, the Court **DISMISSES** Daker's Motion for Leave to Proceed *in Forma Pauperis*, (doc. 2).

## II. Motion to Expedite Proceedings (Doc. 4)

Given the routine passage of time since Daker filed his habeas corpus action, his Motion to Expedite Proceedings is not appropriately before the Court presently because there has been no unreasonable delay. Cf. Johnson v. Rogers, 917 F.2d 1283, 1284 (10th Cir. 1990) (finding a 14-month delay in ruling on a habeas petition impermissible where no explanation other than docket congestion was provided). The Court will address Daker's Petition in the ordinary course of business. Daker has not presented sufficient allegations to warrant giving his case priority over the other cases on the Court's docket. Particularly given Daker's extensive history of litigation in this and other courts, the Court discerns no reason to prioritize his case over other litigants. As such, the Court **DISMISSES as moot** Daker's Motion to Expedite Proceedings, (doc. 4).

## III. Motion for Law Library Access (Doc. 5)

Daker's Motion for Law Library Access masquerades as a 42 U.S.C. § 1983 claim within this 28 U.S.C. § 2254 habeas action. Daker alleges, *inter alia*, that at Georgia State Prison, "lockdown prisoners have no access to Federal case reporters, statutes, and materials, and also lacks State case law reporters and research materials." (Doc. 5, p. 3.) Daker then lists incidents

dating from August 1, 2016, wherein Respondent failed to fulfill Daker's requests to open a satellite law library for the lockdown unit. (Id. at pp. 4–5.) Daker ultimately requests that this Court direct Respondent to provide him with adequate law library access. (Id. at pp. 20–21.)

However, the injunctive relief Daker seeks through this Motion is not available in an application for a writ of habeas corpus. See Nelson v. Campbell, 541 U.S. 637, 643 (2004) ("[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of [the habeas corpus] core and may be brought pursuant to § 1983[.]"); Preiser v. Rodriguez, 411 U.S. 475, 498 (1973) (providing list of cases "establish[ing] that a § 1983 action is a proper remedy for a state prison who is making a constitutional challenge to the conditions of his prison life[.]"). Should Daker choose to pursue his First Amendment court access claim, he must do so in a separate Section 1983 action. Accordingly, the Court **DENIES** Daker's Motion for Law Library Access, (doc. 5).

**IV.** **Motion for Subpoena and Preservation of Evidence (Doc. 6)**

Under Rule 6 of the Rules Governing Section 2254 Petitions, the parties may not conduct discovery under the Federal Rules of Civil Procedure without leave of the Court. See also Bracy v. Gramley, 520 U.S. 899, 904 (1997) ("A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."). A judge may grant leave for good cause. At this time and during this preliminary stage of the proceedings, the Court does not find good cause to allow discovery. Accordingly, the Court **DENIES** Daker's Motion for Subpoena and Preservation of Evidence, (doc. 6).

**V.** **Motion to Appoint Counsel (Doc. 7)**

Section 3006A(a)(2) of Title 18 of the United States Code provides that "[w]henever . . . the court determines that the interests of justice so require, representation may be provided for

any financially eligible person who . . . (B) is seeking relief under section 2241, 2254, or 2255 of title 28." Thus, the court may appoint counsel for an indigent federal habeas corpus petitioner only if the interests of justice or due process so require. Schultz v. Wainwright, 701 F.2d 900 (11th Cir. 1983); Hooks v. Wainwright, 775 F.2d 1433 (11th Cir. 1985).

It does not appear that the interests of justice or due process require that Daker be afforded counsel, and it does not appear that an evidentiary hearing will be required. Daker does not lay out any such circumstances in either his Petition of this Motion. Moreover, the Court notes that Daker is a notoriously frequent litigator before this Court and other courts in federal jurisdictions. See Daker v. Comm'r, Ga. Dept. of Corrections, 820 F.3d 1278, 1281 (11th Cir. 2016) ("Daker has submitted over a thousand *pro se* filings in over a hundred actions and appeals in at least nine different federal courts."). Daker is all too familiar with the federal judicial system and is proficient in presenting his position to the courts. Should it later become apparent in these proceedings that an evidentiary hearing is required or that the interests of justice or due process so require, then counsel shall be appointed for Daker. Accordingly, the Court **DENIES** Daker's Motion to Appoint Counsel, (doc. 7.)

## CONCLUSION

For the reasons and in the manner stated above, I **RECOMMEND** that the Court **CONSOLIDATE** Daker's Petitions. Further, the Court **DISMISSES** Daker's Motion for Leave to Proceed *in Forma Pauperis*, (doc. 2), **DISMISSES as moot** Daker's Motion to Expedite Proceedings, (doc. 4), and **DENIES** Daker's Motion for Law Library Access, (doc. 5), Motion for Subpoena and Preservation of Evidence, (doc. 6), and Motion to Appoint Counsel, (doc. 7).

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and

Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 2nd day of March, 2018.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA