# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| WASEEM DAKER,<br><br>Petitioner,<br><br>v.<br><br>MARTY ALLEN,<br><br>Respondent. | CIVIL ACTION NO.: 6:17-cv-23<br>6:18-cv-19<br>6:18-cv-20<br>6:18-cv-40 |

## ORDER

Petitioner Waseem Daker ("Daker") has filed numerous petitions in this District pursuant to 28 U.S.C. § 2254 stemming from his allegations regarding his placement and detention in Tier II segregation while he was housed at Georgia State Prison in Reidsville, Georgia. For the reasons and in the manner set forth below, the Court: **GRANTS** Daker's Motions to Consolidate; **CONSOLIDATES** Case Numbers 6:18-cv-19 (Daker IV); 6:18-cv-20 (Daker V); and 6:18-cv-40 (Daker VI), into Case Number 6:17-cv-23 (Daker I) and **CLOSES** Daker IV; Daker V; and Daker VI;[1] **DIRECTS** the Clerk of Court to file all pleadings in Daker's habeas proceedings upon the docket of Daker I; **DISMISSES as moot** all pending Motions in Daker IV, Daker V, and Daker VI; **OVERRULES** Daker's Objections in Daker IV and **ADOPTS** the Magistrate Judge's Report and Recommendation in that case as the opinion of the Court; and **DISMISSES as moot** Daker's Motions for Summary Judgment in Daker I. In addition, the Court **DIRECTS** Daker to submit an Amended Petition in Daker I and to abide by the Court's directives as to any Amended Petition.

---

[1] Daker also filed a Section 2254 petition in Case Number 6:17-cv-90 (Daker III), based on his placement in Tier II segregation. That case has already been consolidated with Daker I. Daker III, ECF No. 11.

## BACKGROUND

Daker filed his original Petition on February 3, 2017, attacking his placement in solitary confinement/segregation. Daker I, ECF No. 1. The Court determined Daker set forth cognizable Section 2254 claims as to "grounds" 32, 36–37, and 46–50. Id., ECF No. 15, p. 3. However, the Magistrate Judge recommended the Court dismiss Daker's remaining forty-seven (47) claims because Daker did not set forth claims sounding in habeas corpus. Id. at p. 4. The Court adopted this recommendation as the opinion of the Court, thus leaving only Daker's habeas claims pending. Id., ECF No. 52.

In the meantime, Daker filed a Section 2254 petition on June 19, 2017, alleging the same violations as he did in Daker I, which was docketed in this Court's Savannah Division. Case No. 4:17-cv-106 (Daker II), ECF No. 1. The Court adopted the recommendation that Daker's Section 2254 petition was meritless and should be dismissed. Id., ECF Nos. 6, 12. However, the Court granted Daker's motion for reconsideration of that Order and vacated its previously-issued Order. Id., ECF No. 28. The Court advised Daker it "will consider what portions of [his] petition state a valid habeas claim . . . [and his] motion to consolidate all six cases[,]" once the Court regains jurisdiction. Id. at p. 2 (citing Doc. No. 23.)[2]

Daker filed another Section 2254 petition in Daker III on July 3, 2017. Daker III, ECF No. 1. The Magistrate Judge recommended that petition be consolidated with Daker I because Daker set forth the same claims in his petition in Daker III as he did in his petition in Daker I. Id., ECF No. 9. The Court adopted this recommendation over Daker's objections and consolidated Daker III into Daker I. Id., ECF No. 11.

On October 23, 2017, Daker filed a Section 2254 petition, which was filed in this Court's Savannah Division. This cause of action was later transferred to the Court's Statesboro Division.

---

[2] The Court addresses Daker's Motion to Consolidate Cases in Daker II by separate Order.

2

Daker IV, ECF Nos. 1, 6. Daker alleged he was unlawfully placed in Tier II administrative segregation, and his continued detention violated the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1 *et seq.*, the First Amendment, and his substantive and procedural due process rights. Id., ECF No. 6, pp. 5–8. The Magistrate Judge recommended Daker's petition be consolidated into Daker I, and that recommendation remains pending before the Court.

Daker filed yet another Section 2254 petition on January 16, 2018. In that petition, Daker asserted his placement in Tier II segregation violates substantive and procedural due process. Daker V, ECF No. 1.

Ever persistent, Daker filed yet another Section 2254 petition on April 9, 2018. Daker VI, ECF No. 1. Daker stated he is not challenging his conviction or sentence but his placement in "segregation/solitary confinement." Id. at p. 2. In addition, Daker alleged the March 2018 decision to keep him in Tier II segregation and the disciplinary report underlying that decision violate his right to due process. Id. at pp. 4–5. Further, Daker averred the Tier II review process violates his rights under the First Amendment and the equal protection clause. Id. at p. 6.

## DISCUSSION

### I. Motions to Consolidate

In all of Daker's pending Section 2254 petitions, he has filed a motion to consolidate. Daker I, ECF No. 118; Daker IV, ECF No. 12; Daker V, ECF No. 7; Daker VI, ECF No. 4. In fact, Daker has filed identical motions in all of his pending cases and seeks to consolidate all of his petitions in light of this Court's Order consolidating Daker III into Daker I. See, e.g., Daker VI, ECF No. 4, p. 3.

3

A district court has authority to consolidate multiple actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Consolidation under Rule 42(a) "is permissive and vests a purely discretionary power in the district court." Young v. City of Augusta, 59 F.3d 1160, 1168 (11th Cir. 1995) (internal quotes omitted). "District courts in this circuit have been urged to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion." Young, 59 F.3d at 1169 (internal quotes omitted). The decision of whether to consolidate "is entirely within the discretion of the district court as it seeks to promote the administration of justice." Gentry v. Smith, 487 F.2d 571, 581 (5th Cir. 1973);³ see also Devlin v. Transp. Communs. Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999) (courts can *sua sponte* consolidate cases under Rule 42(a)).

In exercising that discretion, district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions; the burden on the parties and the court posed by multiple lawsuits as opposed to one; the length of time required to conclude multiple lawsuits as opposed to one; and the relative expense of proceeding with separate lawsuits if they are not consolidated. Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985).

Daker's habeas proceedings involve similar facts and the same Respondent, and Daker pleads virtually identical legal claims in all of his habeas petitions. At the core of his claims, Daker seeks his release from administrative segregation for the same reasons—allegedly unlawful disciplinary reports and segregated confinement. Moreover, Daker seeks release from the same, uninterrupted stay in Tier II administrative segregation. Given this congruence, and in

---

³ In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

4

light of Daker's well-documented litigiousness, the benefits of consolidation far outweigh any prejudice to the parties. For example, consolidation of Daker's filings will promote judicial economy and help the parties avoid piecemeal litigation resulting from Daker's ongoing habeas proceedings. What is more, Respondent does not oppose the consolidation of these cases. Daker I, ECF No. 121, pp. 5–6.[4]

Accordingly, the Court **CONSOLIDATES** five of the six of Daker's habeas petitions and **DIRECTS** the Clerk of Court to file all pleadings docketed in Daker IV, Daker V, and Daker VI upon the docket and record of Case Number 6:17-cv-23 (Daker I); **CONSOLIDATES**, Daker IV, Daker V, and Daker VI with Daker I; and **CLOSES** Daker IV, Daker V, and Daker VI. In addition, the Court **OVERRULES** Daker's Objections in Daker IV, (ECF No. 15),[5] and **DISMISSES as moot** all pending motions in Daker IV, (ECF No. 13); Daker V, (ECF Nos. 2, 3, 7); and Daker VI, (ECF Nos. 2, 3).

## II.    Instructions Regarding Daker I

Given the consolidation of of Daker's Section 2254 petitions, the Court now provides instructions related to Daker I, which the parties are encouraged to read and follow. The Court:

---

[4] Respondent opposed the consolidation of Daker II, as the Court had dismissed the petition in that case at the time Respondent filed its pleading. Daker I, ECF No. 121, p. 5. However, in light of the petition in Daker II being re-opened, the Court presumes Respondent would not object to the consolidation of all pending Section 2254 petitions. As noted in footnote 2, the Court addresses the consolidation motion in Daker II by separate Order.

[5] Given Daker's Motions to Consolidate, including in Daker IV, his objection to the same is essentially mooted. Daker also objects to the Magistrate Judge's resolution of his motions to expedite and motion to appoint counsel in Daker IV, ECF Nos. 4, 5, 8. Under Federal Rule of Civil Procedure 72(a), "[a] party may serve and file objections to [a magistrate judge's] order within 14 days after being served with a copy. . . . The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A). Daker fails to establish that the Magistrate Judge's ruling as to these motions were clearly erroneous or contrary to law. Accordingly, the Court discerns no reason to overturn or modify the Magistrate Judge's rulings and **OVERRULES** these portions of Daker's Objections in Daker IV.

1.  **DIRECTS** Daker to file a single, omnibus Section 2254 petition, to be filed in Daker I, within thirty (30) days of this Order. Daker's petition shall **not** exceed twenty-six (26) pages in length, see Local R. 7.1;[6]

2.  **DIRECTS** Daker to list the relevant dates and disciplinary reports he contends form the basis for his placement and continued detention in Tier II segregation;

3.  **DIRECTS** Daker to provide a short, concise statement of facts;

4.  **ADVISES** Daker to exclude any facts or allegations which the Court has already dismissed in Daker I, (ECF Nos. 15, 52), as the Court will not entertain those claims. In addition, the Court **ADVISES** Daker that he should include facts relating to his placement and continued detention in Tier II segregation at Georgia State Prison only;

5.  **DISMISSES as moot** Daker's Motions for Summary Judgment, Daker I, ECF Nos. 46, 74;

6.  **DIRECTS** Respondent to file a responsive pleading to Daker's properly-amended Petition within thirty (30) days of the filing of Daker's Petition; and

7.  **DISMISSES as moot** all other pending Motions in Daker I, ECF Nos. 96, 114, 116.

## CONCLUSION

Based on the foregoing, the Court: **GRANTS** Daker's Motions to Consolidate; **CONSOLIDATES** 6:18-cv-19 (Daker IV); 6:18-cv-20 (Daker V); and 6:18-cv-40 (Daker VI), into Case Number 6:17-cv-23 (Daker I) and **CLOSES** Daker IV; Daker V; and Daker VI; **DIRECTS** the Clerk of Court to file all pleadings on the docket of Daker I; **DISMISSES as moot** all pending Motions in Daker IV; Daker V; and Daker VI; **OVERRULES** Daker's Objections in Daker IV and **ADOPTS** the Magistrate Judge's Report and Recommendation in that case as the opinion of the Court; and **DISMISSES as moot** Daker's Motions for Summary

---

[6] Daker has attempted to file amended petitions in Daker I, (ECF No. 118-1), Daker II, (ECF No. 23-1), Daker IV, (ECF No. 12-1), Daker V (ECF No. 7-1); and Daker VI, (ECF No. 4-1). These amended pleadings are 100 pages in length and will not be accepted as responsive to this Order. In addition, Daker is advised that he must make his Amended Petition legible, and he is not to attempt to make his 100-page amended petition fit within parameters that are one-quarter of his attempted amendments. Once the Court regains jurisdiction in Daker II, Daker can re-urge his Motion to Consolidate, and the Court will provide directives to Daker and Respondent as to the allegations set forth in Daker II.

Judgment in <u>Daker I</u>. In addition, the Court **DIRECTS** Daker to submit an Amended Petition in <u>Daker I</u> and to abide by the Court's directives as to any Amended Petition.

**SO ORDERED**, this 28th day of August, 2018.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA