UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

WASEEM DAKER,  )
  )
    Petitioner,  )
  )
v.  )    CV417-106
  )
MARTY ALLEN, Warden,  )
  )
    Respondent.  )

# REPORT AND RECOMMENDATION

Waseem Daker, a frequent and prolific litigant,[1] has filed a 28 U.S.C. § 2254 petition for writ of habeas corpus to challenge his disciplinary segregation/solitary confinement at Georgia State Prison in Reidsville, Georgia. Doc. 1 at 1, 2 & 4 (repeating that "this petition doesn't attack my conviction but my placement on segregation/solitary confinement"); 5 (discipline was "in retaliation for" alleged possession of a weapon (he "was not guilty of it") and protected "First Amendment" speech (when he asked for a property receipt for confiscated items, they stuck him in solitary)).

---

[1] "Daker has submitted over a thousand pro se filings in over a hundred actions and appeals in at least nine different federal courts." *Daker v. Comm'r, Ga. Dept. of Corrections*, 820 F.3d 1278, 1281 (11th Cir. 2016).

Preliminary review under Rule 4 of the Rules Governing Section 2254 Cases shows that his petition must be dismissed -- it's (yet another of Daker's) 42 U.S.C. § 1983 actions masquerading as a habeas petition. He's just trying to circumvent the 28 U.S.C. § 1915(g) three-strike bar on proceeding IFP in his myriad § 1983 cases. *See, nonexhaustively, Daker v. United States*, 2017 WL 2312946 (S.D. Ga. May 26, 2017) (he's a three-striker); *Daker v. Bryson, et al.*, 2017 WL 242615 (S.D. Ga. Jan. 19, 2017) (same). And Daker already knows it: he tried this *exact* same motion in this Court about two months before filing this one, and was rebuffed. *Daker v. Allen*, 2017 WL 1502812 (S.D. Ga. Apr. 25, 2017).

As set forth in *Allen*:

> Here, Daker is not attacking his custody through this Section 2254 proceeding; he does not seek immediate or speedier release from imprisonment. He does not allege in his Petition that his actual custody is in violation of the Constitution or laws or treaties of the United States. In fact, Daker clearly states on multiple occasions in his Petition that he is not attacking his conviction but his placement in segregation and the prison's alleged refusal to allow him to grow a beard. Thus, relief pursuant to Section 2254 is not applicable or available to Daker. *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973) (providing list of cases "establish[ing] that a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life[.]"). Consequently, the Court should **DISMISS** this Section 2254 Petition.

2017 WL 1502812 at *1.

Too, that pesky three-strikes bar Daker is still striving to avoid matters here -- and he knows it:

> To the extent Daker seeks relief pursuant to 42 U.S.C. § 1983, his attempt also fails. In order to bring this action *in forma pauperis* under Section 1983, Daker must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. § 1915. Specifically, Daker may only proceed without the prepayment of fees after submitting an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee. 28 U.S.C. § 1915(a)(1). Furthermore, even if Daker shows an inability to pay, he may not proceed if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915(g).

*Allen*, 2017 WL 1502812; *see also Daker*, 2017 WL 2312946 (he's a three-striker); *Bryson*, 2017 WL 242615 (S.D. Ga. Jan. 19, 2017) (same).

In *Allen*, the Court explained (yet again) to plaintiff that he may not proceed *in forma pauperis* in a § 1983 action "unless he can demonstrate that he meets the 'imminent danger of serious physical injury' exception to Section 1915(g)." 2017 WL 1502812 at *2. And it found that Daker "does not set forth any new allegations which would qualify him for the imminent danger exception" in his petition challenging his "segregation/solitary confinement." *Id.* "In fact," the Court explained, "Daker's allegations largely focus on the alleged lack of

process with the prison's decision to place him in segregation and not with any threats of imminent danger of serious physical injury." *Id*. He ignored the Court and filed the same motion again, hoping for a different result but providing no facts warranting one. *See* doc. 1 at 5-8 (complaining that he had been denied due process). The Court should also **DISMISS** Daker's putative § 1983 claims.

Accordingly, Waseem Daker's § 2254 petition is meritless and should be **DISMISSED**, as should any veiled § 1983 claims. His "motion to expedite proceedings" (doc. 5) is **DENIED** as moot. Additionally, applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues in Daker's action. The Court should **DENY** the issuance of a COA. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). And, as there are no non-frivolous issues to raise on appeal,[2] an appeal would

---

[2] An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith.

4

not be taken in good faith, and the Court should further **DENY** Daker *in forma pauperis* status on appeal.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are

---

28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith cannot be found where a party seeks to advance a frivolous claim or argument. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). An action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (a claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (same). Daker's duplicative, meritless petition is certainly such an action.

advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __13th__ day of July, 2017.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA