# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

WASEEM DAKER,

    Petitioner,

v.

MARTY ALLEN,

    Respondent.

CIVIL ACTION NO.: 4:17-cv-106

FILED
Scott L. Poff, Clerk
United States District Court

By jburrell at 10:22 am, Nov 01, 2018

## O R D E R

This matter is before the Court on Petitioner Waseem Daker's ("Daker") Motion to Consolidate Cases. (Doc. 32.) Daker has filed numerous petitions in this District pursuant to 28 U.S.C. § 2254 stemming from allegations regarding his placement and detention in Tier II segregation while he was housed at Georgia State Prison in Reidsville, Georgia. For the reasons and in the manner set forth below, the Court **GRANTS** Daker's Motion to Consolidate; **CONSOLIDATES** Case Number 4:17-cv-106 (Daker II) into Case Number 6:17-cv-23 (Daker I); and **CLOSES** Daker II. The Court also **DIRECTS** the Clerk of Court to file all pleadings in Daker II, including this Order, upon the docket of Daker I. The Court further **DIRECTS** the parties that the Court's instructions for proceeding in Daker I shall remain in full force and effect.

## BACKGROUND

Daker filed his original Petition on February 3, 2017, attacking his placement in solitary confinement/segregation. Daker I, ECF No. 1. The Court determined Daker set forth cognizable Section 2254 claims as to "grounds" 32, 36–37, and 46–50. Id., ECF No. 15, p. 3. The Court also adopted the recommendation to dismiss Daker's remaining forty-seven (47) claims because these

claims did not sound in habeas corpus, thus leaving only Daker's habeas claims pending. Id., ECF No. 52.

In the meantime, Daker filed this Section 2254 petition on June 19, 2017, alleging the same violations as he did in Daker I, which was docketed in this Court's Savannah Division. Daker II, ECF No. 1. The Court adopted the recommendation that Daker's Section 2254 petition was meritless and should be dismissed. Id., ECF Nos. 6, 12. However, the Court granted Daker's motion for reconsideration of that Order and vacated its previously-issued Order. Id., ECF No. 28. The Court advised Daker it would "consider what portions of [his] petition state a valid habeas claim" once the Court regained jurisdiction, either by way of withdrawal of his appeal or the issuance of a decision and remand from the Eleventh Circuit Court of Appeals. Id. at p. 2. The Eleventh Circuit dismissed Daker's appeal as moot for lack of jurisdiction given this Court's disposition of Daker's motion for reconsideration and vacatur of its previous Order. Id., ECF No. 30. In accord with the Eleventh Circuit's ruling, this Court regained jurisdiction, and Daker filed the instant Motion to Consolidate.[1]

## DISCUSSION

A district court has authority to consolidate multiple actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Consolidation under Rule 42(a) "is permissive and vests a purely discretionary power in the district court." Young v. City of Augusta, 59 F.3d 1160, 1168 (11th Cir. 1995) (internal quotes omitted). "District courts in this circuit have been urged to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion." Young, 59 F.3d at 1169 (internal quotes omitted). The decision of whether to consolidate "is entirely within the discretion of the district court as it seeks to promote the

---

[1] The record and docket for Daker I provide greater detail of Daker's filings.

administration of justice." Gentry v. Smith, 487 F.2d 571, 581 (5th Cir. 1973);[2] see also Devlin v. Transp. Communs. Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999) (courts can *sua sponte* consolidate cases under Rule 42(a)).

In exercising that discretion, district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions; the burden on the parties and the court posed by multiple lawsuits as opposed to one; the length of time required to conclude multiple lawsuits as opposed to one; and the relative expense of proceeding with separate lawsuits if they are not consolidated. Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985).

Daker's habeas proceedings involve similar facts and the same Respondent, and Daker pleads virtually identical legal claims in all his habeas petitions. At the core of his claims, Daker seeks his release from administrative segregation for the same reasons—allegedly unlawful disciplinary reports and segregated confinement. Moreover, Daker seeks release from the same, uninterrupted stay in Tier II administrative segregation. Given this congruence, and in light of Daker's well-documented litigiousness, the benefits of consolidation far outweigh any prejudice to the parties. For example, consolidation of Daker's filings will promote judicial economy and help the parties avoid piecemeal litigation resulting from Daker's ongoing habeas proceedings. What is more, Respondent does not oppose the consolidation of Daker II into Daker I.[3]

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[3] Although Respondent previously opposed the consolidation of Daker II, Respondent did so at a time when the petition in that case had been dismissed. Daker I, ECF No. 121, p. 5. The petition in Daker II has now been reopened, and Daker has again requested consolidation. Respondent has not filed any opposition to Daker's current Motion to Consolidate.

**CONCLUSION**

Based on the foregoing, the Court **GRANTS** Daker's Motion; **CONSOLIDATES** Case Number 4:17-cv-106 (Daker II) into Case Number 6:17-cv-23 (Daker I); and **CLOSES** Daker II. The Court also **DIRECTS** the Clerk of Court to file all pleadings in Daker II upon the docket of Daker I. The Court further **DIRECTS** the parties that the Court's instructions for the proceedings in Daker I shall remain in full force and effect.

**SO ORDERED**, this 1st day of November, 2018.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA