IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WASEEM DAKER,

      Petitioner,

v.

MARTY ALLEN,

      Respondent.

CIVIL ACTION NO.: 6:17-cv-23

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Waseem Daker ("Daker"), who is currently incarcerated at Valdosta State Prison in Valdosta, Georgia, filed a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, as amended, while he was housed at Georgia State Prison in Reidsville, Georgia.  Docs. 1, 146.  Respondent filed a Motion to Dismiss, doc. 148, and Daker filed a Response.[1]  Doc. 154.  For the reasons which follow, I **RECOMMEND** the Court **DENY** Respondent's Motion to Dismiss.  Should the Court adopt this recommendation as the opinion of the Court, I **ORDER** Respondent to file his answer-response within 14 days of the Court's final Order on the Motion to Dismiss.  Doc. 150.

Daker also filed Motions for Access to Case Authorities and Law Library Access, docs. 152, 155, 164, Motions to Appoint Counsel, docs. 153, 165, Motion for Recusal, doc. 163, and Motion to Expedite, doc. 193.  The Court **GRANTS** Daker's Motion to Expedite, but only for purposes of this Report and Recommendation.  However, the Court **DENIES** Daker's Motions

---

[1] Daker entitled his Response as his "Partial Response."  Doc. 154 at 1.  The Court considers Daker's Response to be complete.

for Case Authorities and for Appointment of Counsel and **DENIES as moot** Daker's Motion for Recusal.  Docs. 152, 153, 155, 163, 164, 165.[2]

## BACKGROUND

Daker filed his original Petition on February 3, 2017, attacking his placement in "solitary confinement/segregation."  Doc. 1.  The Court determined Daker set forth cognizable § 2254 claims as to "grounds" 32, 36–37, and 46–50 of his original Petition.  Doc. 15 at 3.  However, the Magistrate Judge recommended the Court dismiss Daker's remaining 47 claims because Daker did not set forth claims sounding in habeas corpus.  Id. at 4.  The Court adopted this recommendation as the opinion of the Court, thus leaving only Daker's habeas claims pending.  Doc. 52.

Daker also filed five additional § 2254 petitions in this Court, and those petitions were consolidated into this cause of action after Daker moved for consolidation.  Docs. 102, 131.  In finding consolidation appropriate, the Court noted Daker's habeas proceedings involve similar facts and the same Respondent, and Daker set forth virtually identical legal claims in all of his habeas petitions.  Doc. 131 at 4.  Additionally, Daker sought his release from administrative segregation for the same reasons—allegedly unlawful disciplinary reports and segregated confinement—and release from the same, uninterrupted stay in Tier II administrative segregation.  Id.  As a result, the Court provided the parties with directives as to how to proceed with this § 2254 Petition.  Specifically, the Court instructed Daker to: file a brief no longer than 26 pages in length; list relevant dates and disciplinary reports he contends form the basis for his placement and continued detention in Tier II segregation; and exclude any facts or allegations the Court had already dismissed.  Id. at 6.

---

[2] Some of Daker's Motions were filed in other habeas cases but were not disposed of in those cases prior to consolidation.

Daker filed his third Amended Petition in response to this Court's August 24, 2018 Order.  Doc. 146.  Respondent filed a Motion to Dismiss, and Daker filed a Response.  Docs. 148, 154.  The Court now turns to Respondent's Motion.

**DISCUSSION**

**I.     Respondent's Motion to Dismiss, Doc. 148**

Respondent contends the "vast majority" of Daker's claims set forth in his third Amended Petition were either dismissed or are of the same nature as claims this Court dismissed previously.  Doc. 148-1 at 11.  Respondent also contends Daker's behavior is nothing more than an attempt to clog the Court's docket, and his Petition does not comply with this Court's August 24, 2018 Order.  Thus, Respondent asks this Court to dismiss Daker's Petition under Federal Rule of Civil Procedure 41(b).  Id. & at 4.

Daker responds he has not failed to comply with this Court's Order.[3]  Instead, Daker states he provided all the facts and disciplinary report numbers he contends—in compliance with this Court's Order—formed the basis for his April 2016 placement in Tier II and the subsequent decisions to leave him in Tier II.  See Doc. 154 at 5–7, 11–18.  Daker notes that lesser sanctions are available, such as the Court ignoring potentially already dismissed claims, to rectify any possible disregard of this Court's Order.  Id. at 28.

Rule 41(b) of the Federal Rules of Civil Procedure makes clear that a trial court has discretion to impose sanctions on a party who fails to adhere to court rules.  Fed. R. Civ. P. 41(b) ("If the plaintiff fails to . . . comply with . . . a court order, a defendant may move to dismiss the action or any claim against it.").  However, that discretion is not unlimited, and the "[d]ismissal

---

[3]     Daker devotes several pages of his Response to the Motion to Dismiss discussing what he perceives to be the differences between the Court directing him to do something versus merely offering advice to do something.  Doc. 154 at 5–9.  The Court declines to engage in Daker's semantics discussion.  The Court fully expects litigants appearing before it to follow this Court's lawful Orders.

3

of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). "Dismissal with prejudice is not proper unless 'the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct.'" Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (quoting Betty K Agencies, Ltd. V. M/V MONADA, 432 F.3d 1333, 1339 (11th Cir. 2005)). "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Id. (citing Link v. Wabash R.R., 370 U.S. 626, 630–31 (1962)). "Discretion means the district court has a 'range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'" Id. (quoting Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc., 420 F.3d 1317, 1324 (11th Cir. 2005)). "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) (citing State Exchange Bank v. Hartline, 693 F.2d 1350, 1352 (11th Cir. 1982)); Anthony v. Marion Cty. Gen. Hosp., 617 F.2d 1164, 1169 n. 8 (5th Cir. 1980)).

While Daker arguably has skirted the directives set forth in this Court's Order, it does not appear that dismissal of his entire Petition is warranted under the circumstances. The Court accepts Daker's contention that the facts relevant to already dismissed claims also form the bases of the claims this Court has found survive its initial review of his Petition. If the Court determines it already dismissed the "vast majority" of assertions in Daker's third Amended Petition, the Court will ignore those factual allegations and claims. The Court recognizes Daker is no stranger to litigation in this Court or other courts in Georgia. However, at this time and

4

based on the record before it, this Court cannot sanction Daker by granting Respondent's Motion to Dismiss and dismissing Daker's Petition in its entirety, as a lesser sanction should suffice. Moreover, even if Daker's third Amended Petition is not within the letter of this Court's August 24, 2018 Order, Daker has not exhibited a "clear record of willful conduct" in this case to justify the dismissal of his claims in their entirety.  Thus, I **RECOMMEND** the Court **DENY** Respondent's Motion to Dismiss.

**II.     Daker's Motions for Case Authorities and Law Library Access, Docs. 152, 155, 164**

Daker contends he has consistently complained about being denied access to a law library.  Doc. 152 at 5.  In support of this contention, Daker cites to and describes several authorities to which Respondent did not cite or rely.  Id. at 5–8; Doc. 155 at 1, 7–8, 9–15, 17–26; Doc. 164 at 1, 5–18.

As this Court already advised Daker, it appears he wishes to bring an access to the courts claim in these habeas proceedings.  Doc. 32 at 2–3.  However, to state a claim for denial of access to the courts, an inmate must show that he suffered an injury caused by "shortcomings in the library or legal assistance program."  Lewis v. Casey, 518 U.S. 343, 351 (1996).  Daker has not demonstrated such an injury.[4]  Furthermore, as this Court advised Daker in its August 4, 2017 Order, should Daker choose to bring an access to the courts claim, he must do so by filing a separate 42 U.S.C. §1983 action.  Doc. 32 at 2–3.  Thus, the Court **DENIES** Daker's Motions.

**III.    Daker's Motions to Appoint Counsel, Docs. 153, 164**

Section 3006A(a)(2) of Title 18 of the United States Code provides that "[w]henever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . (B) is seeking relief under section 2241, 2254, or 2255 of

---

[4]     The Court once again notes Daker's alleged lack of access to case authorities has not prevented him from filing motions and responding to Respondent's filings and this Court's Orders.

5

title 28." Accordingly, the court may appoint counsel for this indigent federal habeas corpus movant only if the interest of due process or justice so require. Schultz v. Wainwright, 701 F.2d 900 (11th Cir. 1983); Hooks v. Wainwright, 775 F.2d 1433 (11th Cir. 1985). It does not appear that the interests of due process or justice require that Daker be afforded counsel, and it does not appear that an evidentiary hearing will be required at this time. Should it become apparent later in these proceedings that an evidentiary hearing is required or that the interests of due process or justice so require, then the Court shall appoint counsel for Daker. The Court **DENIES** Daker's Motions.

### IV.    Daker's Motion for Recusal, Doc. 163

Daker filed this Motion is Case Number 4:17-cv-106 and asserts former United States Magistrate Judge G.R. Smith should be recused from this and all of Daker's cases because Judge Smith was biased and prejudiced against Daker and displayed hostility and antagonism toward Daker. Doc. 163 at 2. As Judge Smith is no longer an active member of this Court's bench, the Court **DENIES as moot** Daker's Motion.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **DENY** Respondent's Motion to Dismiss. Should the Court adopt this recommendation as the opinion of the Court, I **ORDER** Respondent to file his answer-response within 14 days of the Court's final Order on the Motion to Dismiss. The Court **GRANTS** Daker's Motion to Expedite for purposes of this Report and Recommendation only. However, the Court **DENIES** Daker's Motions for Case Authorities and for appointment of counsel and **DENIES as moot** Daker's Motion for Recusal. Docs. 152, 153, 155, 163, 164, 165.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  Any objections asserting that the undersigned failed to address any contention raised in the pleading must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein.  28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Daker and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 10th day of July, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA